UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKCOUNTRY AGAINST DUMPS; DONNA TISDALE; and JOE E. TISDALE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF INDIAN AFFAIRS; DARRYL LACOUNTE, in his official capacity as Director of the United States Bureau of Indian Affairs; AMY DUTSCHKE, in her official capacity as Regional Director of the Pacific Region of the United States Bureau of Indian Affairs; UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; and TARA SWEENEY, in her official capacity as Assistant Secretary of the Interior for Indian Affairs,<br><br>Defendants. | Case No.: 20-CV-2343 JLS (DEB)<br><br>**ORDER GRANTING CAMPO BAND OF DIEGUENO MISSION INDIANS' MOTION TO INTERVENE FOR A LIMITED PURPOSE**<br><br>(ECF No. 49) |
| TERRA-GEN DEVELOPMENT COMPANY, LLC,<br><br>Intervenor-Defendant. | |

1

Presently before the Court is proposed Intervenor-Defendant Campo Band of Diegueno Mission Indians' (the "Tribe") Motion to Intervene for a Limited Purpose ("Mot.," ECF No. 49). Also before the Court are Intervenor-Defendant Terra-Gen Development Company, LLC's ("Terra-Gen") Statement of Non-Opposition to the Motion (ECF No. 50); Defendants United States Bureau of Indian Affairs (the "BIA"), Darryl LaCounte, Amy Dutschke, United States Department of the Interior, David Bernhardt, and Tara Sweeny's (collectively, "Federal Defendants") Response to the Motion (ECF No. 52), which "takes no position on the Tribe's motion," *id.* at 2; Plaintiffs Backcountry Against Dumps, Donna Tisdale, and Joe E. Tisdale's (collectively, "Plaintiffs") Opposition to the Motion ("Opp'n," ECF No. 55); and the Tribe's Reply in support of the Motion ("Reply," ECF No. 56). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 57. Having carefully considered the Parties' arguments and the law, the Court **GRANTS** the Tribe's Motion, for the reasons set forth below.

## BACKGROUND

Plaintiffs seek judicial review of an approval by the BIA of a lease between the Tribe and Terra-Gen for development of a wind energy project (the "Lease"), to be built principally on the Tribe's reservation (the "Reservation") in San Diego County (the "Project"). *See generally* First Amended and Supplemental Complaint ("FAC," ECF No. 42). As relevant to the present Motion, the Project would involve the construction of, *inter alia*, sixty turbines and fifteen miles of access roads within a 2,200-acre corridor on the Reservation. *Id.* ¶ 2. "The funds from the Lease and the Project will serve as the principal means of funding the Tribe's government operations." ECF No. 49-1 ("Mot. Mem.") at 5.

On July 8, 2020, Plaintiffs filed their initial Complaint in the United States District Court for the Eastern District of California (the "Eastern District"). *See generally* ECF No. 1. Federal Defendants moved to transfer venue to this District. *See* ECF No. 5. Shortly thereafter, Terra-Gen filed a motion seeking to intervene as a defendant in the action. *See* ECF No. 6. Ultimately, The Eastern District granted both motions, *see* ECF Nos. 22–23,

and the action was transferred to this District from the Eastern District and assigned to the Honorable Roger T. Benitez, *see* ECF Nos. 25–26. The action was subsequently reassigned to this Court. *See* ECF Nos. 35–36.

Both Terra-Gen and Federal Defendants moved to dismiss, *see* ECF Nos. 34, 40, and Plaintiffs filed the operative FAC in lieu of opposing the motions, prompting the Court to deny the motions to dismiss as moot, *see* ECF No. 43. The FAC asserts three claims: (1) violation of the National Environmental Policy Act; (2) violation of the Migratory Bird Treaty Act; and (3) violation of the Bald Eagle and Golden Eagle Protection Act. *See generally* FAC. Plaintiffs primarily seek declaratory and injunctive relief, in addition to attorneys' fees. *See id.* ¶ 181.

Both Terra-Gen and Federal Defendants have filed partial motions to dismiss, which remain pending before the Court. *See* ECF Nos. 46, 60. Meanwhile, the Tribe filed the present Motion on March 3, 2021, *see* ECF No. 49, and Plaintiffs filed a Motion for Preliminary Injunction on May 19, 2021, *see* ECF No. 65. Following briefing by the Parties, *see* ECF Nos. 68–72, the Court determined that it would be most efficient for the Court and the Parties to decide the instant Motion first, *see generally* ECF No. 73.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene as a matter of right. The Ninth Circuit has adopted "[a] four-part test . . . to determine whether applications for intervention as a matter of right pursuant to Rule 24(a)(2) should be granted," *Cty. of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986):

> An order granting intervention as of right is appropriate if: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*Id.* (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Off.*

1  *Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).  "Generally, Rule
2  24(a)(2) is construed broadly in favor of proposed intervenors and '[courts] are guided
3  primarily by practical considerations.'"  *United States ex rel. McGough v. Covington
4  Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting *Stringfellow*, 783 F.2d at 826).
5  "The 'liberal policy in favor of intervention serves both efficient resolution of issues and
6  broadened access to the courts.'"  *Peruta v. Cty. of San Diego*, 711 F.3d 570, 577 (9th Cir.
7  2014) (Thomas, J., dissenting) (quoting *United States v. City of Los Angeles*, 288 F.3d 391,
8  397–98 (9th Cir. 2002)).

9  In evaluating a motion to intervene under Rule 24, "[c]ourts are to take all well-
10 pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or
11 answer in intervention, and declarations supporting the motion as true absent sham,
12 frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820
13 (9th Cir. 2001).  A decision on a motion to intervene may be made on the papers alone.
14 *See id.*

## ANALYSIS

16 The Tribe argues that it is entitled to intervene as of right in this action.  *See* Mot.
17 Mem. at 9.  Accordingly, the Court will analyze each of the four relevant requirements in
18 turn.

19 **I.    Timeliness of the Motion**

20 "[Courts] consider three criteria in determining whether a motion to intervene is
21 timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and
22 (3) the reason for any delay in moving to intervene."  *Nw. Forest Res. Council v. Glickman*,
23 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citing
24 *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir. 1990)).

25 Plaintiffs do not contend that the Tribe's Motion is untimely.  *See* Opp'n at 1
26 (arguing that "the [Tribe] has failed to demonstrate that the second, third and fourth tests
27 are met").  The Tribe filed the present Motion relatively early in the proceedings, before
28 any substantive rulings were made and before Federal Defendants filed their pending

motion to dismiss; thus, no party will be prejudiced by the Tribe's intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *Nw. Forest Res. Council*, 82 F.3d at 837. Accordingly, the Court finds that the Motion is timely.

## II. Significantly Protectable Interest in Action and Impairment Thereof

In order to establish a significantly protectable interest in an action, "a prospective intervenor must establish that (1) 'the interest [asserted] is protectable under some law,' and (2) there is a 'relationship between the legally protected interest and the claims at issue.'" *Nw. Forest Res. Council*, 82 F.3d at 837 (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995)) (alterations in original). The Ninth Circuit has further held that "[a]n applicant demonstrates a 'significantly protectable interest' when 'the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (citation omitted). "Contract rights are traditionally protectable interests." *Id.* at 820 (citations omitted).

With regard to the impairment of a proposed intervenor's ability to protect its interest, the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Id.* at 822 (citing Fed. R. Civ. P. 24 advisory committee's notes; *Forest Conservation Council*, 66 F.3d at 1498).

The Tribe argues that it has a significantly protectable interest that would be severely impacted by the instant litigation, as "[t]he relief that Plaintiffs seek by way of this action will have direct, immediate and harmful effects upon the Tribe's legally protected interests—namely, the construction of renewable energy facilities on its Reservation under the Lease entered into with Terra-Gen." Mot. Mem. at 11–12. Plaintiffs seek a declaration that the Project violates various federal laws and an injunction enjoining the Project until those violations are remedied. *Id.* at 12 (citing FAC ¶ 181). Accordingly, "[i]f the Court

grants the relief sought by Plaintiffs, the Tribe's legally protected interests in the Lease and its use of its sovereign Reservation will be directly impacted." *Id.*

Plaintiffs counter that the Tribe fails to show a significantly protectable interest in the Lease "because the [Tribe]'s decision-making body, its General Council, has never approved the [Project], nor the Lease that would implement it," and therefore "the [Tribe] has no legally protectable interest in the Lease." Opp'n at 3–4. Accordingly, Plaintiffs claim that there is no legally protectable interest that could be impaired or impeded by the disposition of this litigation. *Id.* at 5.

In reply, the Tribe argues that it is a party to the Lease, the Lease provides revenue and employment to the Tribe and its members, and that "the [BIA's] approval of the Lease is the 'property or transaction that is the subject of the action.'" Reply at 3 (quoting Fed. R. Civ. P. 24(a)(2)). The Tribe cites to Ninth Circuit precedents finding similar interests to be significantly protectable. *Id.* at 2 (citing *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 853 (9th Cir. 2019); *Kescoli v. Babbitt*, 101 F.3d 1304, 1309–10 (9th Cir. 1996)). The Tribe argues that Plaintiffs' attacks on the legitimacy of its approval of the Lease are unrelated to the adequacy of the environmental review (and therefore not relevant to the issues before this Court) and, at any rate, only appropriately raised in tribal court. *Id.* at 3–4.

Regardless of the Tribe's approval process for the Lease,[1] ultimately, even Plaintiffs acknowledge that the Tribe is a party to the Lease. *See* FAC ¶ 1; *see also Am. Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1023 (9th Cir. 2002) (concluding tribe had cognizable and substantial interest in bargained land leases not yet approved by Secretary of the

---

[1] The Tribe objects to various statements concerning the approval process for the Lease in the declarations submitted in support of the Opposition, as well as a copy of the Constitution of the Campo Band of Mission Indians (1976) attached as an exhibit, on the ground that they are irrelevant given that "[m]atters of the Tribe's internal self-government is not an issue before the Court." Objections to Evidence Filed in Support of Plaintiffs' Opposition (ECF No. 56-1) at 4 (citing *Timbisha Shoshone Tribe v. Kennedy*, 687 F. Supp. 2d 1171, 1185–86 (E.D. Cal. 2009)); *see also id.* at 4–11 (similar). The Court agrees that it lacks authority to rule on issues of tribal governance and **SUSTAINS** any evidentiary objections premised on this ground.

Interior). Plaintiffs seek to have the Court declare that the BIA's approvals, including its authorizations of the Lease and the Project, violate various federal laws; order those approvals withdrawn; and permanently enjoin the Project until Federal Defendants comply with the relevant federal laws. *See* FAC ¶ 181. Accordingly, "'the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests'"—*i.e.*, the Tribe's contract rights under the Lease. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818; *see also Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002) ("Here, the [Tribe] claims a legally protected interest in its contract rights with [Terra-Gen]."). Accordingly, the Court finds that the Tribe "has asserted an interest relating to the property or transaction which is the subject of the action," *Air Cal.*, 799 F.2d at 537, and that that interest would be impaired should the Tribe not be permitted to intervene, *see Kescoli*, 101 F.3d at 1310 ("[Plaintiffs'] action could affect the . . . Tribe's interests in [its] lease agreements and the ability to obtain the bargained-for royalties and jobs.") (finding absent tribes necessary parties under Rule 19(a)(2)(i)); *Dawavendewa*, 276 F.3d at 1157 ("Undermining the [Tribe]'s ability to negotiate contracts also undermines the [Tribe]'s ability to govern the reservation effectively and efficiently.") (citations omitted).

**III.   Adequate Representation of the Tribe's Interests**

Finally, "[i]n determining whether an applicant's interest is adequately represented by the parties, [courts] consider (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838 (citing *California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). The Ninth Circuit has noted that this inquiry parallels that of Rule 19(a) in assessing an absent party's necessity. *See Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992). Although the burden of establishing that the existing parties do not adequately represent its interests falls on the prospective

intervenor, "the requirement of inadequate representation is satisfied if the applicant shows that representation 'may be' inadequate." *Id.* (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). This burden is "minimal." *Sagebrush*, 713 F.2d at 528 (citations omitted).

The Tribe argues that Federal Defendants' interests differ from its own, as "'their overriding interest . . . must be in complying with environmental laws such as NEPA and the ESA.'" Mot. Mem. at 13 (citing *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 855). "'This interest differs in a meaningful sense from [the Tribe's] sovereign interest in ensuring that the [Project goes forward] and provide[s] profits to the [Tribe].'" *Id.* (citing *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 855). The Tribe further argues that "it is axiomatic that the purely pecuniary interests of Terra-Gen differ greatly from the sovereign interests of the Tribe, and that Terra-Gen cannot adequately represent the Tribe's interests." *Id.* at 14 (citing *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 856). Finally, the Tribe argues that none of the present Parties can make the sovereign immunity arguments the Tribe proposes to raise in its motion to dismiss. *Id.* (citation omitted).

Plaintiffs counter that the Tribe's interests are "adequately represented by Terra-Gen, which signed the lease, and by BIA, which approved the Lease, both of whom are vigorously defending its lawfulness." Opp'n at 6. Given that "the narrow question posed is whether BIA's approval of the Lease between the [Tribe] and Terra-Gen is lawful," Plaintiffs argue that the interests of Federal Defendants, Terra-Gen, and the Tribe are aligned. *Id.* at 7. Plaintiffs further argue that the fact that only the Tribe can raise the issue of sovereign immunity "is not a valid basis for intervention because it does not relate to the property or transaction which is the subject of the action." *Id.* In other words, "'[t]he Tribe's interest in its sovereign immunity was not – in the words of Rule 24(a)(2) – "an interest relating to the property or transaction that is the subject of the action."'" *Id.* at 9 (citing *Amador Cty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 906 (D.C. Cir. 2014) (Randolph, C.J., concurring)).

///

In response, the Tribe argues that Plaintiffs' argument that Federal Defendants and Terra-Gen can adequately represent its interests "is in direct conflict with controlling Ninth Circuit precedent." Reply at 5 (citing *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 855–56; *White v. Univ. of Cal.*, 765 F.3d 1010, 1017 (9th Cir. 2014)). The Tribe argues that *Amador*, an out-of-circuit case that affirmed denial of a tribe's motion to intervene solely on timeliness grounds, is inapposite, and that Ninth Circuit precedent holds that "[a] [t]ribe's sovereign interest is *precisely* the type of interest that . . . has [been] identified for protection under the Federal Rules." *Id.* at 6 (citing *Dine Citizens Against Ruining Our Env't*, 932 F.3d at 853–56, 860; *Kescoli*, 101 F.3d at 1310, 1312) (emphasis in original).

The Court agrees with the Tribe that, under controlling Ninth Circuit precedent, the Tribe's interests may not be represented adequately by the present Parties. The Federal Defendants' interests as they relate to this litigation are not necessarily aligned with the Tribe's:

> Although Federal Defendants have an interest in defending their decisions, their overriding interest, as it was in *Manygoats*, must be in complying with environmental laws such as NEPA and the ESA. This interest differs in a meaningful sense from [the Tribe]'s sovereign interest in ensuring that the [Project goes forward] and provide[s] profits to the [Tribe]. If the district court were to hold that [the relevant environmental laws] required more analysis that would delay [the Project], or that one of the federal agencies' analyses underlying the approval was flawed, Federal Defendants' interest might diverge from that of [the Tribe]. As we suggested in *White*, a holding that one or both of these statutes required something other than what Federal Defendants have interpreted them to require could similarly change Federal Defendants' planned actions, affecting the lease . . . at stake.

*Dine Citizens Against Ruining Our Env't*, 932 F.3d at 855; *see also Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 997 (9th Cir. 2020) ("[W]e have held that federal defendants would not adequately represent an absent tribe where their obligations to follow relevant environmental laws were in tension with tribal interests."); *Klamath Irrigation Dist. v. U.S.*

*Bureau of Reclamation*, 489 F. Supp. 3d 1168, 1180–81 (D. Or. 2020) (finding absent tribe's interests not adequately represented by the government defendant under the holding and reasoning of *Dine*). Further, as in *Dine*, the Tribe has explained how its "sovereignty would be implicated" in the litigation, 932 F.3d at 855 (citing *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998)), as an adverse decision would halt the Project and "threaten[] . . . the Tribe's sovereign right to control tribal resources and property," Mot. Mem. at 5; *see also Am. Greyhound Racing, Inc.*, 305 F.3d at 1024 ("The sovereign power of the tribes to negotiate compacts is impaired by the ruling.") (citing *Dawavendewa*, 276 F.3d at 1157), as well as the Tribe's self-governance, *see* Declaration of Marcus Cuero in Support of Motion ("Cuero Decl.," ECF No. 49-2) ¶ 17; *Vill. of Hotvela Traditional Elders v. Indian Health Servs.*, 1 F. Supp. 2d 1022, 1026 (D. Ariz. 1997) (explaining that ruling on water and sewage project on tribal lands "potentially infringes upon the . . . Tribe's right to decide internal matters concerning cultural issues," as well as "the interest of the Tribe in providing for the general tribal welfare through receipt or generation of funds"), *aff'd*, 141 F.3d 1182 (9th Cir. 1998).

Nor can Terra-Gen adequately represent the Tribe's interests. As in *Dine*,

> [Terra-Gen] shares at least some of [the Tribe]'s financial interest in the outcome of the case. But [Terra-Gen] does not share the [Tribe]'s *sovereign* interest in controlling its own resources, and in . . . the financial support that [the Project] provides. The [Tribe]'s interest is tied to its very ability to govern itself, sustain itself financially, and make decisions about its own natural resources.

932 F.3d at 856 (emphasis in original). Thus, the Tribe has established that representation of its interest by the present Parties may be inadequate, thereby satisfying its "minimal" burden with regard to this requirement. *See Shermoen*, 982 F.2d at 1318 (citations omitted); *Sagebrush*, 713 F.2d at 528 (citations omitted).

Accordingly, because all the Rule 24(a)(2) requirements are satisfied here, the Tribe should be granted permission to intervene as of right.

///

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Tribe's Motion (ECF No. 49). The Clerk of the Court **SHALL UPDATE** the docket to reflect the addition of the Tribe as an Intervenor-Defendant in the present action.

The Tribe **SHALL FILE** its proposed motion to dismiss within three (3) days of the date on which this Order is electronically docketed. Any Party that opposes the Tribe's motion to dismiss **SHALL FILE** a responsive brief within twenty-one (21) days of the date on which the Tribe's motion is served. The Tribe **MAY FILE** a reply brief, if any, within twenty-eight (28) days of the date on which the Tribe's motion is served. Upon completion of the briefing, the Court will take the matter under submission and decide the Tribe's motion without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: June 14, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge